FILED FEB 1 2 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:09cr544 |
| ) | |
| JOSE ANTONIO MENDEZ- ) | |
| ARGUETA, ) | |
| Defendant. ) | |

## ORDER

The matter came before the Court on defendant's motion to suppress (i) evidence seized from defendant's residence in the course of a search pursuant to a warrant on October 8, 2008, and (ii) statements made to law enforcement on October 15, 2008. Defendant is charged with violating 18 U.S.C. § 922(g)(5)(A), which prohibits an alien illegally or unlawfully in the United States from possessing a firearm. The parties fully briefed and argued the matter, and presented evidence during a February 12, 2010 hearing.

In the course of the hearing, the government presented two witnesses, Investigator Scott Mastandrea and Investigator Brian Curtis, both of the Loudon County Sheriff's Department. Defendant presented two witnesses, Claudia Mendez, defendant's seventeen-year-old sister, and Brenda Mendez, defendant's sixteen-year-old sister, who interacted with law enforcement officers when they visited defendant's residence in October 2008. In addition, the Court, without objection, received into evidence the following exhibits: (1) the search warrant; (2) the affidavit in support of the warrant; (3) the inventory of items seized in the October 8, 2008 search; and (4) a video recording of Investigator Mastandrea's interview of defendant on October 15, 2008, including the advice of rights to defendant and his waiver of those rights.

The Court, pursuant to Rule 12, Fed. R. Crim. P., stated its findings of fact and conclusions of law from the Bench, in part as follows:

1. Law enforcement officers visited defendant's residence the evening of October 3, 2008, for the purpose of interviewing defendant. They entered defendant's residence lawfully at the invitation of Claudia Mendez, defendant's sister who resided there and who reasonably appeared to be approximately eighteen years old. She invited the officers into the residence so they might check for themselves to confirm that defendant was not at home. To this end, she led two law enforcement officers downstairs to the area of the home that included defendant's bedroom. At this time, Investigator Mastandrea credibly testified that he observed in plain view a rifle and a rifle case in an open closet outside defendant's bedroom.

2. Based on this observation and other information that provided ample probable cause, Investigator Mastandrea obtained a valid search warrant to search the entire residence for firearms, firearm parts, ammunition, records pertaining to the purchase of firearms, records establishing the occupancy or ownership of the residence, and records establishing citizenship or legal presence within the United States.

3. The search of the residence pursuant to the warrant took place on October 8, 2008, and led to the seizure, as authorized by the warrant, of the rifle, another firearm, ammunition, and various documents. The scope of the search was consistent with the warrant and all items seized were authorized to be seized by the warrant. None of the seized items are "fruit of the poisonous tree," as the warrant was based on ample probable cause, including Investigator Mastandrea's observation of the rifle in plain view. *See United States v. Bush*, 404 F.3d 263, 275-76 (4th Cir. 2005) (finding search of residence pursuant to warrant was not "fruit of the poisonous tree" where prior warrantless search of defendant's vehicle incident to arrest, which provided probable cause supporting the warrant, did not violate the Fourth Amendment).

4. The thoroughness of the search was neither unreasonable nor inconsistent with the warrant; searching agents were entitled by the warrant to search closets, desks, drawers, boxes, and other containers capable of concealing any item listed in the warrants as subject to seizure. *See* 2 Wayne R. LaFave et al., *Criminal Procedure* § 3.4(j) (3d ed. 2007) (discussing cases that hold that "a search into closets, desks, boxes and other containers will exceed the authority of the warrant unless at least one of the items described in the warrant was an object of the search could be concealed therein"). Defendant's request for the extraordinary remedy of blanket suppression of all seized evidence fails

because the search was not "so extreme . . . [as] essentially [to] transform[] [the search] into an impermissible general search." *United States v. Robinson*, 275 F.3d 371, 381-82 (4th Cir. 2001).

5. Suppression of defendant's October 15, 2008 statement to Investigator Mastandrea is unwarranted. Defendant was not in custody; he came to the interview voluntarily and without police escort after the interview date was postponed a day at defendant's request. None of the circumstances indicate defendant was in custody; he was not restrained in any way, nor was he threatened, coerced, or intimated. *See Illinois v. Perkins*, 496 U.S. 292, 297 (1990) (requiring law enforcement to give *Miranda* warnings only where there is "custodial interrogation").

6. Assuming, *arguendo*, that defendant was in custody, the video recording indicates that he was properly provided his *Miranda* warnings, both in writing in Spanish, and orally with the aid of a competent interpreter. Defendant initially requested a lawyer whereupon Investigator Mastandrea declined to continue the interview unless defendant wished to waive his rights. Thereafter, defendant initiated conversation with Investigator Mastandrea, who again declined to proceed unless defendant waived his rights. Defendant then did so knowingly and voluntarily. Where, as here, a defendant invokes his Fifth Amendment right to have counsel present during questioning, but thereafter "himself initiates further communication, exchanges, or conversations with the police," statements voluntarily made to law enforcement in the absence of counsel do not violate a defendant's constitutional rights. *Minnick v. Mississippi*, 498 U.S. 146, 152 (1990) (citation and quotation marks omitted).

Accordingly, based on the facts found pursuant to Rule 12, Fed. R. Crim. P., and for the reasons stated here and from the Bench,

It is hereby **ORDERED** that defendant's motion to suppress is **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record.

Alexandria, Virginia
February 12, 2010

_____
T. S. Ellis, III
United States District Judge